# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTH MAIN STREET REDEVELOPMENT, LLC, Plaintiff | : : : : | No. 3:12cv24 (Judge Munley) |
| v. | : : | |
| R/C THEATRES MANAGEMENT LLLP and R/C THEATRES MANAGEMENT CORPORATION, Defendants | : : : : : | |

## MEMORANDUM & ORDER

On March 13, 2013, the court granted Defendants R/C Theatres Management LLLP and R/C Theatres Management Corporation (collectively "defendants") summary judgment in the above-captioned case. (Doc. 38, Mem. & Order dated Mar. 13, 2013). The underlying case arose from a dispute over the apportionment of real estate taxes between a commercial landlord, Plaintiff South Main Street Redevelopment (hereinafter "plaintiff"), and a commercial tenant, defendants, under the applicable terms of their lease. After carefully considering the arguments presented by the parties, the court granted defendants summary judgment in the form of declaratory relief. (Doc. 38, Mem. & Order dated Mar. 13, 2013; Doc. 39, Summ. J.).

In addition to granting defendants' request for declaratory relief, the court also granted defendants' request for reasonable costs, attorneys' fees

and expenses pursuant to Article XXXII of the lease because defendants were the prevailing party in this action.[1] (Doc. 38, Mem. & Order dated Mar. 13, 2013 at 31-33). The court directed defendants to submit evidence of their reasonable costs, attorneys' fees and expenses within fourteen days of the Order granting them summary judgment. (Id. at 35). The court also instructed plaintiff that it had fourteen days from the date of defendants' filing to file objections, if any, to defendants' calculations of their reasonable costs, attorneys fees and expenses. (Id.)

On March 26, 2013, defendants filed a timely bill of costs with

---

[1] Article XXXII of the lease provides in relevant part as follows:

32.1 In the event any action is instituted by a party to enforce any of the terms and provisions contained herein, the prevailing party in such action shall be entitled to its reasonable attorneys' fees, costs, and expenses.

32.2. Where this Lease provides for the payment of interest, such interest shall be the lesser of eight percent (8%) per annum or the highest lawful rate permissible under the laws of the State in which the Demised Premises are located. Such interest shall accrue from the date payment becomes due and payable under the terms of this Lease, until paid.

32.3 In the event any . . . sum [owed] under this Lease shall not be paid within ten (10) days following the original due date thereof, a "Late Charge" of three (3) cents per each dollar so overdue shall be paid . . . .

(Doc. 24, Ex. F, Lease art. XXXII, ¶¶ 1-3).

2

supporting documentation. (Doc. 40, Bill of Costs). In their bill of costs, defendants request a total award of $92,663.54 ($3,061.00 in costs, $88,892.70 in attorneys' fees and $709.84 in expenses). (Id.) Plaintiff does not object to defendants' calculation of their reasonable costs, attorneys fees and expenses and the time to file any such objections has lapsed.

It is well established that costs, attorneys' fees and expenses may be awarded to a prevailing party in a federal litigation where authorized by statute, court rule, or contract. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975); Hall v. Cole, 412 U.S. 1, 4 (1973). It is the "party seeking attorney fees [that] bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)). To satisfy this burden, the party seeking fees is initially required to submit evidence supporting the hours worked and the rates claimed. Id. To the extent the opposing party seeks to challenge the fees sought, "the opposing party must then object 'with sufficient specificity' to the request." Id. (quoting Rode, 892 F.2d at 1183)).

When awarding attorneys' fees and costs, courts within the Third Circuit

3

use the "lodestar" method. See Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). In this regard, a reasonable fee is "the product of the hours reasonably expended and the applicable hourly rate for the legal services." Pub. Interest Research Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir.1995) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). After this product, known as the "lodestar," is determined, the court has discretion to adjust the fee for a variety of reasons, most notably "the 'results obtained' by the [prevailing party]" Id. (citing Hensley, 461 U.S. at 434).

The court need not undertake this analysis, however, because plaintiff raised no objection to defendants' bill of costs. In this regard, where the opposing party fails to object to a fee request, the court is prohibited from reducing, *sua sponte*, the fee award requested by the prevailing party. As explained by our Court of Appeals:

> [W]hen an opposing party has been afforded the opportunity to raise a material fact issue as to the accuracy of representations as to hours spent, or the necessity for their expenditure, and declines to do so, no reason occurs to us for permitting the trial court to disregard uncontested affidavits filed by a fee applicant.

Cunningham v. City of McKeesport, 753 F.2d 262, 266 (3d Cir.1985), vacated on other grounds, 478 U.S. 1015 (1986), and reinstated, 807 F.2d 49 (3d Cir. 1986); see also United States v. Eleven Vehicles, Their Equip. & Accessories,

4

200 F.3d 203, 211 (3d Cir. 2000); Bell v. United Princeton Props., Inc., 884 F.2d 713, 719 (3d Cir. 1989). Under the circumstances, the court will grant defendants' request of $3,061.00 in taxable costs found in 28 U.S.C. § 1920,[2] $88,892.70 in attorneys' fees,[3] and $709.84 in reasonable expenses.[4] Therefore, the court will order that defendants be paid $92,663.54 in reasonable costs, attorneys' fees and expenses pursuant to Article XXXII of

---

[2] Along with their bill of costs, defendants provided the court with a receipt for the Middle District of Pennsylvania filing fee, (Doc. 40-1, Ex. A), invoices from court reporters, (Doc. 40-1, Ex. B), invoices from process servers, (Doc. 40-1, Ex. C), invoices for witness fees, (id.), documentation supporting fees paid for exemplification and the cost of making copies, (Doc. 40-1, Ex. D), and client invoices for services rendered and expenses incurred, (Doc. 40-1, Ex. E). A review of defendants' bill of costs in light of this evidence reveals defendants' request for taxable costs to be accurate.

[3] In support for their request for reasonable attorneys' fees, defendants provided the court with client invoices for services rendered and expenses incurred, (Doc. 40-1, Ex. E), as well as a current table of the market rates for attorneys fees provided by Community Legal Services of Philadelphia, (Doc. 40-1, Ex. F). The court carefully reviewed the evidence that defendants provided. With respect to each individual attorney that worked on this case, the documents reflect that the requested attorney's fee amount corresponds with the product of the hours worked on the case and the pertinent attorney's billing rate. Thus, given our review, and in light of the fact that plaintiff has neglected to file timely objections to defendants' attorney fee computation, the court finds defendants' request for $88,892.70 in attorneys' fees to be justified by the evidence submitted.

[4] A review of the client invoices for services rendered and expenses incurred, (Doc. 40-1, Ex. E), reveals that defendants incurred $709.84 in expenses. Defendants' request for expenses appears to be accurate in light of the evidence provided and the calculations contained in the bill of costs.

the lease.

**AND NOW**, to wit, this 12th day of April 2013, Defendants R/C Theatres Management LLLP and R/C Theatres Management Corporation is **AWARDED** $92,663.54 in costs, attorneys' fees and expenses. The Clerk of Court is directed to enter judgment in favor of Defendants R/C Theatres Management LLLP and R/C Theatres Management Corporation and against Plaintiff South Main Street Redevelopment, LLC in the amount of $92,663.54.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court